UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-________-CIV

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Petitioner,

vs.

BENAOUMEUR GUERRAB,

Respondent.
_____________________________________________/

PETITION FOR EMERGENCY COURT ORDER
TO PERMIT INVOLUNTARY BLOOD DRAWS, URINALYSIS,
CONDUCT WEIGH-IN'S, AND PERFORM ROUTINE MEDICAL EXAMINATIONS

Petitioner, United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), files its Petition for Emergency Court Order to Permit Involuntary Blood Draws, Urinalysis, Conduct Weigh-in's, and Perform Routine Medical Examinations, and states:

1. Petitioner is the United States Department of Homeland Security, Immigration and Customs Enforcement, an agency of the United States Government.

2. Respondent is Benaoumeur Guerrab, who is a native and citizen of Algeria. Respondent entered the United States at Dulles International Airport, Washington, D.C., on May 13, 2012, and was admitted as a non-immigrant visitor. On February 10, 2013, respondent's status was changed to that of an F-1 student, with permission to attend a course of study at California University of Management Services, Virginia Branch, to end in April 2014.

3. On January 6, 2015, respondent was arrested by Department of Homeland Security Investigations, and served with a notice to appear, charging him with being subject to removal from the United States under section 237(a)(1)(C)(i) of the Immigration and Nationality Act

(INA), 8 U.S.C. § 1227(a)(1)(C)(i), failing to maintain the conditions of his non-immigrant status.

4. In January 2015, respondent's notice to appear was amended to add two additional charges of removabilty, INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i)(conviction of a crime involving moral turpitude), and INA § 237(a)(2)(A)(ii), 8 U.S.C. 1227(a)(2)(A)(i)(conviction of two crimes involving moral turpitude not arising out of a single scheme of misconduct.

5. On March 23, 2015, an immigration judge in Detroit, Michigan, denied respondent's applications for relief from removal and ordered him removed, based upon the charges in the notice to appear, as well as the additional charges lodged in January 2015.

6. On April 24, 2015, respondent filed an appeal to the Board of Immigration Appeals (BIA). On August 4, 2015, the BIA dismissed respondent's appeal. Respondent's removal order is administratively final.

7. On August 24, 2015, respondent was scheduled for removal from the United States to Algeria. Respondent physically and verbally refused to depart the United States. On August 26, 2015, the Immigration and Customs Enforcement (ICE) Enforcement and Removal Office in Detroit served respondent with a notice of failure to comply with removal, pursuant to 8 C.F.R. § 241.4(g).

8. On September 22, 2015, ICE scheduled respondent for removal from the United States to Algeria. At the airport, respondent again physically and verbally refused to depart the United States.

9. On November 4, 2015, respondent initiated a hunger strike, while he was an ICE detainee at the Calhoun County Jail, Detroit, Michigan. On November 18, 2015, the medical staff at the Calhoun County Jail denied medical clearance for respondent's planned departure to Algeria on November 19, 2015, due to his hunger strike.

10. On November 20, 2015, respondent was transferred to the Krome Detention Center by air ambulance, by the ICE Health Services Corps, to allow for close medical monitoring of his medical condition. On November 25, 2015, respondent began to eat and ended his hunger strike.

11. On December 21, 2015, respondent was taken to the airport for his removal to Algeria. Respondent again refused to depart the United States, and was returned from the airport to Krome. Exhibit A, Declaration of Joel T. Mikelson, ¶ 20.

12. On December 22, 2015, respondent refused to eat and declared himself to be on a hunger strike. Id., ¶ 21. Respondent is also refusing to allow the medical staff at Krome to check his vital signs, conduct weigh-in's, or obtain blood and urine for laboratory testing. Exhibit B, Declaration of Dalian Y. Caraballo, M.D., ¶ 7.

13. Respondent is in the lawful custody of the U.S. Immigration and Customs Enforcement, under 8 U.S.C. § 1231. He is in the custody of the ICE Field Operations Director for the Miami District.

14. This Court has jurisdiction of this matter under 28 U.S.C. § 1345 and 8 U.S.C. § 1329.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b).

16. Respondent has been on a hunger strike since December 22, 2015. Respondent has been drinking water, but refuses to eat

17. Medical staff of the United States Public Health Service, ICE Health Service Corps, at the Krome Detention Center, has been treating respondent. Caraballo Decl, ¶ 2.

18. In order to adequately evaluate the effects of the hunger strike on respondent's health, medical staff must be able to conduct daily medical examinations, to include: (a) weigh-ins, to determine the amount of weight loss from previous weigh-ins; (b) blood draws for blood testing, which reveals how respondent's body is reacting to the deprivation of nutrition; and (c) medical

examination, including the taking of vital signs such as blood pressure, temperature, pulse, and respiration; and (d) urinalysis. Caraballo Decl., ¶¶ 17-18.

19. Since December 22, 2015, respondent has refused to allow medical staff to examine him in any way. Proper medical monitoring of respondent's health is necessary to ensure that medical staff can accurately assess his state of health, and determine when it may be necessary to implement immediate medical intervention, such as involuntary administration of nutrients, in order to preserve respondent's life. Caraballo Decl., ¶¶ 17-18.

20. As the custodian of respondent, the ICE has an obligation to preserve the health of respondent, while he is in ICE custody.

21. The decline in respondent's health and well-being, brought on by his refusal to eat, poses a serious threat to the security and good order of the Krome Detention Center. Mikelson Decl., ¶ 26.

22. Petitioner, in order to preserve the life of respondent and preserve the security of the Krome Detention Center, needs to conduct blood draws from respondent, conduct weigh-in's, insert a urinary catheter, in the event respondent refuses to provide urine specimens, and perform routine medical examinations. This will be done by competent medical authority.

23. At present, petitioner seek only an order permitting ICE, through competent medical authority, to conduct necessary medical testing to properly assess respondent's health. If respondent persists in his hunger strike, and his health begins to seriously deteriorate, it will become necessary for petitioner to seek an order permitting the involuntary administration of nutrients, in order to preserve respondent's life.

WHEREFORE, petitioner prays:

a. That the Court issue a Temporary Order permitting the ICE, through competent

medical authority, to conduct blood draws from respondent; conduct weigh-in's, insertion of urinary catheters, and perform routine medical examinations;

b. That the Court also permit ICE, acting through competent medical authority, to restrain respondent if he resists efforts to draw blood; be weighed; have urinary catheters inserted; and submit to routine medical examinations;

c. That the Court set this matter for hearing so that the rights of respondent to refuse blood draws, urinalysis, weigh-in's, and medical examinations be determined; and

d. For such other relief as the Court deems appropriate.

DATED: December 30, 2015

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9320
Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov

Attorney for Petitioner

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered this 30th day of December, 2015 to: Benaoumeur Guerrab, Krome Service Processing Center, 18201 S.W. 12th Street, Miami, Florida 33194.

s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney